IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM FORBES ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NCO FINANCIAL SYSTEMS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and other state laws.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff William Forbes is an adult individual residing in Bostwick, Florida.

5. Defendant NCO Financial Systems, Inc. is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 507 Prudential Road, Horsham, PA 19044. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and

Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6.  At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed to AES (hereafter the "debt").

7.  The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8.  At all times material hereto, Plaintiff did not owe the debt in question to Defendant, which is alleged owed by a "Mellissa Harris-Orr."

9.  At all times pertinent hereto, Defendant made use of an automatic telephone dialing system to contact Plaintiff on his cellular telephone.

10. In or around August 2011, Defendant contacted Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt, with the intent to annoy, abuse or harass such persons contacted. Defendant asked to speak with a "Mellissa Harris-Orr," Plaintiff told Defendant's representative that he did not know a person by that name and asked that Defendant cease communications with him in connection with the alleged debt.

11. Notwithstanding the above, and continuing through the months of August, September and October, Defendant contacted Plaintiff's cellular telephone multiple times per week, sometimes twice per day, using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. Plaintiff answered several calls from Defendant and advised Defendant that he did not know a Mellissa Harris-Orr and that the number they were calling did not belong to her.

12. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer on more than one occasion.

13. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

14. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they used false representations and deceptive means to collect or attempt to collect a debt.

17. Defendant knew or should have known that its actions violated the FDCPA and the TCPA. Additionally, Defendant could have taken the steps necessary to bring its actions into compliance with the FDCPA and TCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### **FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA**

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

25. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(3), 1692d, 1692d(5), 1692e(2)(A), 1692e(10) and 1692f as evidenced by the following conduct:

    (a) Communicating with persons other than the consumer on more than one occasion;

    (b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt;

    (c) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

  (d) Falsely representing the amount, character or legal status of the debt; and

  (e) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt.

26.  Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

27.  As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

### SECOND CLAIM FOR RELIEF- VIOLATION OF THE TCPA

28.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29.  Defendant initiated a myriad of telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice to Plaintiff's cellular telephone.

30.  Defendant initiated these automated calls to Plaintiff's cellular telephone using an automated telephone dialing system, which had the capacity to store or produce telephone numbers using random or sequential number generator as defined by § 227(a)(1) of the TCPA.

31.  Defendant violated the TCPA. Defendant's violations include, but are not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii), 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(d)(1)(A) and 47 C.F.R.§ 64.1200 *et seq.* as evidenced by the following conduct:

  (a) initiating telephone calls to Plaintiff's cellular telephone using artificial or prerecorded voices to deliver messages without Plaintiff's express consent; and

(b)  initiating telephone calls to Plaintiff using an automated telephone dialing system that was not in compliance with the technical and procedural standards prescribed by the TCPA.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent *bona fide* error, express consent from the Plaintiff, lawful right, legal defense legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff's to an award of statutory, actual and treble damages.

### THIRD CLAIM FOR RELIEF- INVASION OF PRIVACY

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. Defendant, by repeatedly contacting Plaintiff on his cellular telephone after being told that he was not the debtor constitutes an invasion of privacy.

37. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

38. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Statutory damages;

(b) Actual damages;

(c) Treble damages;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: December 23, 2011